UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

Yolette Geffrard, §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus §　　　　Civil Action 10-190
　　　　　　　　　　　　　　§
Rolfe & Lobello, P.A., §
　　　　　　　　　　　　　　§
　　　　　Defendant. §

## Opinion on Reconsideration

1. *Venue.*

　　A judgment was entered in Collier County, Florida, where Yolette Geffrard's brother undertook the debt and lived. Yolette Geffrard, who guaranteed the debt, did not object to Collier County's jurisdiction during that action. The court in Collier County entered a final judgment against her.

　　Approximately ten months later, a garnishment was taken against Geffrard's employer, the Art Institute of Houston, in the same court. Geffrard says the Rolfe & Lobello violated section 1692i of the Fair Debt Collection Practices Act by applying for a writ of garnishment in a county where she neither lived nor agreed to the debt.

　　A garnishment enforces a judgment; it is ancillary to and a part of the principal action. Collier County, where the original suit was filed, has acquired jurisdiction over the original parties and all processes to enforce its judgment. The garnishment is not a separate legal action implicating the venue requirements of section 1692i.

　　Additionally, not all actions affecting her interest must be brought in county where she lives or undertook the debt. The garnishment is not brought against Geffrard but her employer; it is an action to redirect the collection of a debt owed him. Similarly, a judgment creditor of a beneficiary may reach the beneficiary's bequest regardless of whether the estate is probated where the beneficiary assumed the debt or lived. Under Geffrard's rationale, long-standing methods of debt-collection would no longer be possible.

2. *Limitations.*

Geffrard's complaint contains the date the original suit was brought, but not the date garnishment was requested or entered. The one-year statute of limitations has expired for Geffrard to complain about the original suit filed June 30, 2007. 15 U.S.C. §1692k(d). Because the complaint is silent about date the garnishment was filed, Geffrard did not show that she has a cause of action within the limitations period.

3. *Conclusion.*

The judgment on the pleadings subsists.

Signed on May 11, 2010, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Lynn N. Hughes
　　　　　　　　　　　　　　　　　　United States District Judge